Arizzo v Ethicon, Inc.
2026 NY Slip Op 03262
May 26, 2026
Appellate Division, First Department
Shulman, J.
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Julianne Arizzo, Plaintiff-Appellant,
v
Ethicon, Inc., Defendant-Respondent, Mount Sinai Health System, Inc., Defendant.

Supreme Court, Appellate Division, First Judicial Department
Decided and Entered: May 26, 2026
Index No. 159122/23|Appeal No. 5776|Case No. 2025-04031|
Sallie Manzanet-Daniels
Lizbeth González Martin Shulman Bahaati E. Pitt-Burke Margaret A. Chan

Spiro Harrison & Nelson, New York (Eric H. Jaso and Alex Penchuk of counsel), for appellant.
Epstein Becker & Green, P.C., New York (Traycee Ellen Klein of counsel), for respondent.

Plaintiff appeals from an order of the Supreme Court, New York County (Dakota S. Ramseur, J.), entered on or about April 4, 2025, which, to the extent appealed from, granted defendant Ethicon, Inc.'s motion to dismiss plaintiff's complaint as against it.

Shulman, J.
[*1]
In September 2023, plaintiff Julianne Arizzo commenced this employment discrimination action against defendants Ethicon, Inc. (Ethicon) and Mount Sinai Health System, Inc. Plaintiff's complaint alleges that Ethicon appointed her as a Sales Account Executive for its primary client, Mount Sinai, with the full knowledge that she would be subjected to sexual harassment by a specific manager within Mount Sinai's Materials Department. Plaintiff further alleges that her role required regular visits to this location directly exposing her to this manager's traumatic and harmful sexual harassment misconduct, and that Ethicon's willful inaction regarding her complaints of ongoing sexual harassment led to her constructive discharge as the resulting stress caused her to suffer a life-threatening cardiac condition.
Plaintiff asserted causes of action against Ethicon under the New York State Human Rights Law (Executive Law § 290 et seq.) (State HRL) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.) (City HRL), alleging gender discrimination, hostile work environment, and negligence. Ethicon moved to dismiss the complaint pursuant to CPLR 3211, contending, among other things, that Ethicon US, LLC (Ethicon US), rather than Ethicon, was plaintiff's actual employer. As a New Jersey corporation with no physical presence in New York, Ethicon alleged that it was not subject to liability under the State HRL or City HRL. Rather than oppose the motion, plaintiff moved to amend the complaint to add Ethicon US as a defendant and to discontinue the action against Ethicon.
The motion court granted Ethicon's motion to dismiss pursuant to CPLR 3211 (a) (1), finding that documentary evidence established that Ethicon was a nondomiciliary of New York. The court reasoned that even if personal jurisdiction existed under CPLR 302 (1), Ethicon was not an employer subject to suit within the meaning of the State HRL or the City HRL and dismissed the complaint as against it. We now reverse.
[*2]
We have long held that the City HRL is "uniquely broad and remedial," requiring courts to construe its provisions "independently from similar or identical provisions of New York state or federal statutes" (Williams v New York City Hous. Auth., 61 AD3d 62, 66 [1st Dept 2009], lv denied 13 NY3d 702 [2009]), and "broadly in favor of discrimination plaintiffs, to the extent such a construction is reasonably possible" (Albunio v City of New York, 16 NY3d 472, 477-478 [2011]). Recognizing the City Council's legislative intent for the courts to interpret the City HRL through a more liberal lens, the legislature amended the State HRL in 2019 to explicitly provide that the State HRL must also "be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether [comparable] federal civil rights laws . . . have been so construed" (Yost v Everyrealm, Inc., 657 F Supp 3d 563, 578 [SD NY 2023] [citations omitted]). Consistent with this statutory purpose, New York federal courts have seemingly equated the post-2019 State HRL standard to the City HRL standard (id. [finding that the August 2019 revision to the State HRL "has put in place a more lenient standard of liability that has been likened to that of the City HRL"]; see also Thacker v HSBC Bank USA, N.A., 2023 WL 3061336, *3, 2023 US Dist LEXIS 71055, *8 [SD NY, Apr. 24, 2023, Case No. 22-CV-7120]).
This Court recently reaffirmed that the remedial goals of both these statutes demand an expansive construction ensuring that their protections fully reach every individual discriminated against within New York to their full extent (see Cummings v City of New York, 246 AD3d 560, 561 [1st Dept 2026]). In this vein, this Court has long held that the State HRL and City HRL prohibit discrimination against nonresidents where the discriminatory conduct has an impact within New York (see Matter of Walston & Co., Inc. v New York City Commn. on Human Rights, 41 AD2d 238, 241 [1st Dept 1973] [noting that "the city and State laws on human rights clearly prohibit discrimination against nonresidents in New York City and New York State" and provide that "'any person' who is aggrieved may file a complaint"]).
Against this backdrop, the issue here is how we should interpret the State HRL's definition of an "employer" as used in the phrase "all employers within the state" for purposes of liability under the State HRL (Executive Law § 292 [5]). The motion court read this definition as requiring an employer to have a physical presence in New York and therefore found both the State HRL and the City HRL inapplicable to Ethicon, "a New Jersey employer of [plaintiff,] a New Jersey resident."
[*3]
While New York state courts have not elaborated on the meaning of "employer within the state," federal courts in New York have consistently interpreted the State and City HRLs as applicable to out-of-state employers (see International Healthcare Exch., Inc. v Global Healthcare Exch., LLC, 470 F Supp 2d 345, 362 [SD NY 2007] ["An out-of-state employer's discriminatory conduct falls within [the State HRL] if it affects the 'terms, conditions, or privileges of employment . . . within New York'"]; Sherwood v Olin Corp., 772 F Supp 1418, 1425 [SD NY 1991] ["The entire Human Rights Law . . . applies to any claimed discriminatory practice . . . that occurred within New York, even though [the defendant] is a foreign corporation"]).
Indeed, the Court of Appeals in Hoffman v Parade Publs. (15 NY3d 285 [2010]), adopted an impact test for nonresidents who seek the protection of the City HRL and found that test "relatively simple for courts to apply and litigants to follow, leads to predictable results, and confines the protections of the City HRL to those who are meant to be protected—those who work in the city" (id. at 291; see also Vangas v Montefiore Med. Ctr., 823 F3d 174, 182 [2d Cir 2016]).
Thus, the relevant inquiry is whether the alleged discriminatory conduct had an impact in New York regardless of the residency of the parties. Here, plaintiff, a New Jersey resident, alleges that Ethicon, her nondomiciliary employer, assigned her to service a New York-based account, requiring her regular presence at Mount Sinai's hospital where the alleged traumatic sexual harassment occurred. Plaintiff further alleges that Ethicon was aware of the harassment and nevertheless required her to continue the assignment because of the account's importance. At the pleading stage, plaintiff's allegations, among other discriminatory acts, that her Ethicon manager discouraged her from complaining and "coached her to 'lean into' the sexual harassment so Mount Sinai would continue using Ethicon's services" are more than sufficient to allege sexual discriminatory conduct having a concrete impact on plaintiff within New York to confer subject matter jurisdiction. Plaintiff's residency outside New York does not preclude application of the State HRL or City HRL where the alleged misconduct occurred in New York City and affected plaintiff while she was working there.
Parenthetically, we must also emphasize that plaintiff's allegations are sufficient to support the exercise of personal jurisdiction over Ethicon US pursuant to CPLR 302 (a) (1). Under these circumstances, the alleged sexual discriminatory conduct cannot be characterized as merely fortuitous or incidental to New York contacts. Rather, it is alleged to be a foreseeable consequence of Ethicon's purposeful business activities within New York.
[*4]
Although plaintiff did not appeal from so much of the order as denied her motion to amend the complaint, we note that the amendment to add Ethicon US as a defendant would be proper pursuant to CPLR 1003. The proposed amendment seeks to add the alleged correct employer and would cause no prejudice. Upon remand, the motion court should address plaintiff's motion to amend. Having dismissed the complaint based on CPLR 3211 (a) (1), the motion court did not address Ethicon's alternative arguments for dismissal, which were subsequently not raised on appeal.
Accordingly, the order of the Supreme Court, New York County (Dakota S. Ramseur, J.), entered on or about April 4, 2025, which, to the extent appealed from, granted defendant Ethicon, Inc.'s motion to dismiss plaintiff's complaint as against it, should be reversed, on the law, with costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings consistent with this decision.
Order, Supreme Court, New York County (Dakota S. Ramseur, J.), entered on or about April 4, 2025, reversed, on the law, with costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings consistent with this decision.
Opinion by Shulman, J. All concur.
Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2026